# EXHIBIT D CONSENT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN P. AUSTIN et al.,<br><br>Defendants. | C.A. No. __-____ (ABC) |

**CONSENT OF DEFENDANT CAROLYN P. AUSTIN**

1.  Defendant Carolyn P. Austin ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Andrew Ian Farmer, et al.*, Crim. No. 4:16-cr-00408 (SDTX), Defendant pleaded guilty to violations of misprision of a felony [18 U.S.C. § 4]. In connection with that plea, Defendant acknowledged that while having knowledge of the actual commission of a felony—namely the criminal conspiracy of Andrew I. Farmer and the rest of his ring to commit wire fraud through penny stock pump-and-dump schemes—Austin concealed the same by opening brokerage accounts and allowing others to use the same to further the conspiracy, and did not report any of the foregoing to any civil or military authority. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Andrew Ian Farmer, et al.* Defendant

1

hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)]; and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b) permanently restrains and enjoins Defendant from directly or indirectly, including but not limited to, through any entity each owns or controls, engaging in any activity for the purpose of inducing or attempting to induce the purchase or sale of any security, causing any person or entity to engage in any activity for the purpose of inducing or attempting to induce the purchase or sale of any security, or deriving compensation from any activity engaged in for the purpose of inducing or attempting to induce the purchase or sale of any security, provided, however, that such injunction shall not prevent each from purchasing or selling securities listed on a national securities exchange for an account that is in each's own name;

    (c) permanently bars Defendant from acting as a public company officer or director, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)];

    (d) permanently bars Defendant from participating in an offering of penny stock; and

    (e) orders Defendant, jointly and severally with Eddie D. Austin, Jr., to pay

disgorgement in the amount of $3 million, plus prejudgment interest thereon in the amount of $276,076.29, for a total of $3,276,076.29, but provides that Defendant's $3,276,076.29 payment obligation shall be offset, up to the full amount of said payment obligation, by the sum total of any order of restitution and/or forfeiture entered against Defendant and/or Eddie D. Austin, Jr. in *United States v. Farmer, et al.*, Crim. No. 4:16-cr-00408 (S.D. Tex.).

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 05-08-19

_____
Carolyn P. Austin

On May 8th, 2019, Carolyn P. Austin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Lynda Huston
My Commission Expires
03/15/2021
ID No. 129347465

Approved as to form:

_____
Dan Lamar Cogdell, Esq.
Cogdell Law Firm PLLC
402 Main Street, 4th Floor
Houston, TX 77002
Phone 713.426.2244
Email dan@cogdell-law.com
Attorney for Defendant

(By: Dennis Hester
Tx Bar No. 24065415)